UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAFNEY FIGARO,
individually and on behalf of a class,

                Plaintiff,

         vs.

BLOOMINGDALE PARTNERS, LP;
BLOOMINGDALE CAPITAL
MANAGEMENT, LLC;
BLOOMINGDALE PARTNERS, LLC
and GIL KREITER

                Defendants.
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendants Bloomingdale Partners, LP; Bloomingdale Capital Management, LLC; Bloomingdale Partners, LLC; and Gil Kreiter. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

8. Venue and personal jurisdiction over defendant in this District is proper because each defendant is located in this District.

## PARTIES

9. Plaintiff, Dafney Figaro, is an individual resident of Brooklyn, New York.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendants sought to collect from plaintiff is a consumer debt.

11. Defendant Bloomingdale Partners, LP is a limited partnership entity organized under Delaware law. It may be served at 301 East 66th Street, #2B, New York, NY 10065.

12. Defendant Bloomingdale Capital Management, LLC is a limited liability company chartered under Delaware law which calls itself an "investment management company" (Exhibit A). It is also the general partner of Bloomingdale Partners, LP (Exhibit A). It may be served at 301 East 66th Street, #2B, New York, NY 10065.

13. Defendant Bloomingdale Partners, LLC is a limited liability company chartered under New York law. Its registered agent is Gil Kreiter. It is involved in debt collection activities and is the plaintiff in multiple collection lawsuits.

14. Defendant Gil Kreiter may be found at 301 East 66th Street, #2B, New York, NY 10065.  He is the principal member and founder of Bloomingdale Capital Management, LLC. (Exhibit A) He also goes by Gill Kreiter and Gilead Kreiter.

15. Defendants are engaged in the principal or sole business of the collection of debts allegedly owed by consumers, and use the mails and telephone system for that purpose.

16. In addition, defendants are debt collectors because they jointly conduct a debt buying and collection business under the false name of "Bloomingdale Road Judgment Recovery."   See 15 U.S.C. §1692a(6) ("the term debt collector includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts").

17. Defendants are a "debt collection agency" within New York City Code §20-489, which includes "a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another . . . ."

18. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

19. On or about December 19, 2017, plaintiff was sent the collection letter attached as Exhibit B.  Plaintiff received it in the ordinary course of mail.

20. The letter purports to come from "Bloomingdale Road Judgment Recovery" and bears the typewritten signature of defendant Gil Kreiter.

21. Exhibit B sought to collect an alleged debt incurred for personal, family or household purposes and not for business purposes.

22. "Bloomingdale Road Judgment Recovery" is not an entity chartered in or authorized to do business in New York.  On information and belief, based on a computer search, it is not an entity chartered in or authorized to do business in any United States jurisdiction.

23. Neither Gil Kreiter nor any "Bloomingdale" entity is licensed to collect debts of

the City of New York, as is required by an entity located in Manhattan which sends a collection letter to a person in Brooklyn. (Exhibit C)

24. The telephone number on Exhibit A, 718-360-1354, is answered "Bloomingdale Road."

25. The web site identified on Exhibit A, www.bloomingdalepartners.com, contains a solicitation to the public for investments in bad debts, namely tax liens, by Bloomingdale Partners, LP. The site proposes that the reader invest in a "fund" which acquires tax liens and attempts to convince the debtors to enter into installment obligations to pay them off. It provides the number on Exhibit B, 718-360-1354, as a contact number.

26. Based on the foregoing, plaintiff alleges that Bloomingdale Partners, LP, Bloomingdale Capital Management, LLC, Bloomingdale Partners, LLC, and Gil Kreiter are responsible for the collection activities conducted under the name of "Bloomingdale Road Judgment Recovery," and that such name is a false name intended to convince the recipient of collection activities that an entity called "Bloomingdale Road Judgment Recovery" is involved in the collection of their debts, when no such entity exists.

27. Based on its contents, Exhibit B was the initial letter defendants sent to plaintiff concerning the debt described therein.

28. Based on its content, Exhibit B is a form letter used by defendants as the initial letter it sends to a consumer concerning a debt. On information and belief, it is filled out in a standardized manner.

29. Exhibit B states that "Unless you dispute the validity of this debt, or any portion of it, within thirty days of receipt of this letter, the debt will be assumed to be valid."

30. Exhibit B alters the statutory notice, which states "unless you dispute the validity of this debt, or any portion of it, within thirty days of receipt of this letter, the debt will be assumed to be valid," therefore implying that third parties, such as a court, will assume that the debt is valid.

31. Exhibit B is misleading as to who the current owner of the alleged debt is. It states that "this firm has purchased the debt" but the only "firm" identified is "Bloomingdale Road Judgment Recovery," which is not a legal entity or registered trade name, and cannot legally hold title to property. The actual natural person or entity that is the current owner or creditor of the debt cannot be identified from Exhibit B.

32. On information and belief, no notice was provided by the purported assignor of the debt that it was being transferred to "Bloomingdale Road Judgment Recovery."

## COUNT I – FDCPA

33. Plaintiff incorporates paragraphs 1-32.

34. Exhibit B violates 15 U.S.C. §§1692e, 1692e(10), 1692e(14), and 1692g, because:

    a. It falsely represents that "Bloomingdale Road Judgment Recovery," a non-existent entity, is involved with and responsible for the collection activities;

    b. It fails to correctly identify the current owner or creditor of the debt;

    c. It alters the statutory notice, which states that the debt collector will assume the debt to be valid, in such a manner as to imply that third parties, such as a court, will assume that the debt is valid.

    d. It represents that the sender is entitled to collect the debt. Unlicensed entities are not entitled to engage in collection activities, and lack of a license is a defense to any attempt to collect a debt. *In re Pinpoint Technologies, LLC*, 45 Misc.3d 1223(A), 5 N.Y.S.3d 329 (Table), 2014 WL 6780640, 2014 N.Y. Slip Op. 51695(U) (Civil Court, Richmond Co., Nov. 18, 2014). Failure of the assignor to provide notice of transfer to the sender is also a defense.

35. Collection letters such as those sent by defendants are to be evaluated by the

objective standard of hypothetical "least sophisticated consumer."

    36.    Section 1692e provides:

> **§1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; . . .**
>
> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

    37.    Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of**

> **the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> **(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
> **(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
>
> **(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

38. Defendants may also have violated 15 U.S.C. §1692j, which makes it "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."  The "form" is letterhead purporting to come from "Bloomingdale Road Judgment Recovery" and it is "furnished" to whoever owns or collects the debt to create the false belief in consumers that "Bloomingdale Road Judgment Recovery" is participating in the collection of the debts, when no such person exists or participates.

**CLASS ALLEGATIONS**

39. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

40. The class consists of (a) all natural persons (b) with New York addresses (c) who were sent a communication purporting to come from "Bloomingdale Road Judgment Recovery" (d) seeking to collect a debt (e) which communication was sent on or after a date one year prior to the filing of this action and ending 21 days after the filing of this action.

41. On information and belief, based on the use of a form letter, there are more than 40 persons who were sent such letters, and the class is so numerous that joinder is impracticable.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "Bloomingdale Road Judgment Recovery" communications violate the FDCPA.

43. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute in that:

    a. Individual cases are not economically feasible.

    b. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected by individual consumers or remedied without a class action.

    c. Congress referred to class actions as a means of enforcing the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i. A declaration that defendants' letter violates the FDCPA.

    ii. Statutory damages;

    iii. Actual damages equal to all amounts collected from class

       members;

iv.     Attorney's fees, litigation expenses and costs of suit;

v.     Such other and further relief which this court deems just and proper.

<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:   courtecl@edcombs.com